IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

No. 4:14-CV-00103-F

| | | |
|---|---|---|
| SELECTIVE INSURANCE COMPANY OF AMERICA, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | <u>ORDER</u> |
| WILLIAM H. DAIL d/b/a DD COMPANY; NEW BERN RIVERFRONT DEVELOPMENT, LLC; and WEAVER COOKE CONSTRUCTION, LLC, | ) ) ) ) | |
| Defendants. | ) | |

This matter is before the court on the Joint Motion to Stay [DE-26] filed by Defendants William H. Dail d/b/a DD Company and Weaver Cooke Construction, LLC. The issues have been fully briefed and are now ripe for ruling. For the reasons set forth below, the Joint Motion to Stay is ALLOWED.

## I. STATEMENT OF THE CASE

On June 12, 2014, Selective Insurance Company of America (hereafter "Plaintiff") filed this declaratory judgment action pursuant to Rule 57 of the Federal Rules of Civil Procedure and the provisions of 28 U.S.C. § 2201, seeking a declaratory judgment and adjudication concerning the rights, obligations, and liabilities of the parties under certain insurance policies with respect to claims of damages which have arisen as a result of the construction project known as New Bern Riverfront Development, which is the subject of a case pending in the United States Bankruptcy Court for the Eastern District of North Carolina, *New Bern Riverfront Development, LLC v. Humphrey Heating and Air Conditioning, Inc., et al.*, Case Number 10-0023-8-SWH ("Underlying Action").

Defendants William H. Dail d/b/a DD Company (hereafter "DD Plumbing") and Weaver Cooke Construction, LLC (hereafter "Weaver Cooke") filed their Joint Motion to Stay [DE-26] on January 6, 2015. On January 23, 2015, Plaintiff filed a Response in Opposition [DE-31]. Defendants DD Plumbing and Weaver Cooke filed a Reply on February 9, 2015.

## II. STATEMENT OF THE FACTS

The facts, as alleged by Plaintiff in its Complaint, are as follows: Plaintiff sold insurance policies to DD Plumbing, including S1619052 with a policy period of June 14, 2008 through June 14, 2009, and S1619052 with a policy period of June 14, 2009 through June 14, 2010, the latter of which was cancelled on September 29, 2009. Compl. ¶ 8. Weaver Cooke was the general contractor on the New Bern Riverfront Development project. *Id.* ¶ 10. DD Plumbing was a subcontractor on the project who provided plumbing construction services and related work. *Id.* ¶ 9. New Bern Riverfront Development, LLC brought the Underlying Action against the entities and persons involved in the design, development and construction of the project on the basis of breach of warranty and breaches of contract and construction defect. *Id.* ¶ 11. The allegations against DD Plumbing are that they failed to install the correct products. *Id.* ¶ 12. There are no allegations against DD Plumbing that relate to its work causing resulting damages to any other part of the project. *Id.* ¶ 13. Plaintiff has provided a defense to DD Plumbing in the Underlying Action under a reservation of rights. Compl. ¶ 14.

## III. DISCUSSION

Defendants DD Plumbing and Weaver Cooke urge the court to stay the declaratory judgment action pending determination of controlling facts in the Underlying Action because the facts necessary to resolve Plaintiff's claims are so intertwined with the facts in the Underlying

2

Action that the fair and efficient administration of justice requires that this action be stayed. Plaintiff counters by arguing that whether there is coverage under the policies for the claims against DD Plumbing must be decided, and if this action is stayed, it simply delays the decision concerning coverage and will not prevent piecemeal litigation. Plaintiff further argues that staying this action will force it to participate and fund litigation in which it actually has no obligation to participate.

## A. Standard of Review

The Federal Declaratory Judgment Act permits federal courts to "declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201. The power to grant declaratory relief is discretionary and should be invoked only in appropriate cases. *Centennial Life Ins. Co. v. Poston*, 88 F.3d 255, 256-57 (4th Cir. 1996). District courts have broad discretion in determining whether to entertain a declaratory judgment action. *See Wilton v. Seven Falls Co.*, 515 U.S. 277, 286-87 (1995). The Supreme Court has explained:

> Consistent with the nonobligatory nature of the remedy, a district court is authorized, in the sound exercise of its discretion, to stay or to dismiss an action seeking a declaratory judgment before trial or after all arguments have drawn to a close. In the declaratory judgment context, the normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judicial administration.

*Id.* at 288. Additionally, *Moore's Federal Practice and Procedure* ¶ 25A.25(2)(e) (2015) explains:

> The pendency of another *federal* or state action involving the same parties and issues is an important factor to be considered by the trial court in the exercise of its discretion in determining whether to grant or deny declaratory relief. The discretion

3

to decline to hear a declaratory judgment action permits the court to *stay*, dismiss, or remand the action in favor of pending state court proceedings involving the same parties and issues.

*Id.* (emphases added).

## B. Analysis

Plaintiff argues that the allegations in the Underlying Action fail to demonstrate that an occurrence triggering coverage under the policy took place during the time the policies issued by Plaintiff were in effect. Pl's Resp. in Oppos. [DE-31] at 3. Specifically, Plaintiff contends that the claims against DD Plumbing solely allege faulty workmanship and associated repairs and do not constitute property damage. *Id.* at 4. Plaintiff further contends that any alleged damage to "other property" occurred after the policies issued by Plaintiff were in force. *Id.* at 5.

The First Amended Complaint in the Underlying Action alleges as follows:

> 154. As a direct and proximate result of Defendant Weaver Cooke's material and substantial breach of the Construction Contract, [New Bern Riverfront Development, LLC] has been damaged in an amount in excess of $10,000, which sum will be proven, and which sum includes, among other items of damage and loss:
>
> . . . .
>
> e. the damages caused to vehicles and other property resulting from deficiencies in the performance and work of Defendant Weaver Cooke.

(Underlying Action No. 10-00023-8, First Amend. Compl. [DE-15] ¶ 154(e).) The "performance and work" referred to in the First Amended Complaint was performed by DD Plumbing and other subcontractors on the job. (Underlying Action No. 10-00023-8, Weaver Cooke's Second Third-Party Compl. [DE-345].) The Second Third-Party Complaint contains the following relevant provision:

4

> 23. At least some portions of the alleged but denied deficiencies and nonconformities relate to the work, design, labor performed and/or materials supplied by each of the said Third-Party Defendants in connection with their Subcontract; and relate to injury or damage to property other than that of the Third-Party Defendant, and to property other than property which is the subject of the contract.

(Underlying Action No. 10-00023-8, Weaver Cooke's Second Third-Party Compl. [DE-345] ¶ 23.) DD Plumbing is specifically listed as a third-party defendant. (Underlying Action No. 10-00023-8, Weaver Cooke's Second Third-Party Compl. [DE-345] ¶ 4.) Thus, damage to other property is an issue of the Underlying Action. Because one of the issues being litigated in the Underlying Action is whether worked performed by DD Plumbing caused damage to other property, it would be duplicative and contrary to the fair and efficient administration of justice to also litigate the issue in this case.

As to its second argument, Plaintiff does not dispute that the policies issued by Plaintiff to DD Plumbing are occurrence policies. Pl's Resp. in Oppos. [DE-31] at 3. Plaintiff, however, argues that no coverage exists because the claim for damage to "other property" was first asserted after the policies expired. *Id.* at 5-6. According to Plaintiff, the occurrence took place after the policy period because it was not until June 8, 2012, almost three years after the cancellation of the policies, that New Bern Riverfront Development, LLC asserted damage to "other property" occurred due to the actions of DD Plumbing. *Id.* at 6 (citing Underlying Action 10-00023-8, First Suppl. Compl. [DE-341].) The court, however, concludes that this argument is based on a faulty assumption. Namely, Defendants DD Plumbing and Weaver Cooke correctly point out that an occurrence policy would cover DD Plumbing for liability arising from an occurrence

5

during the policy term, regardless of when the claim was actually asserted.[1] Defendants' Reply [DE-32] at 6. Because the date of the occurrence cannot be determined from the date the claim is filed or amended, Plaintiff's second argument is without merit.

## IV. CONCLUSION

For the foregoing reasons, the Joint Motion to Stay [DE-26] is ALLOWED.

SO ORDERED.

This, the 11 day of September, 2015.

*[signature]*
JAMES C. FOX
Senior United States District Judge

---

[1] "[A]n *occurrence* policy protects the insured against the financial consequences of an accident or other liability-creating event that occurs during the policy period, no matter when the claim is made–it may be many years later–a *claims-made* policy protects the insured against the financial consequences of a legal claim asserted against him during the policy period." *Truck Ins. Exchange v. Ashland Oil, Inc.*, 951 F.2d 787, 790 (7th Cir. 1992).

6